**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 5:25cr2-MW**

**BROCK A. WESTROM**
________________________________/

## GOVERNMENT'S MOTION IN LIMINE & NOTICE OF INTENT TO USE EVIDENCE PURSUANT TO FED. R. EVID. 404(B)

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Honorable Court for an order admitting evidence pursuant to Federal Rules of Evidence 401 & 404(b).

The evidence the Government intends to offer is an uncharged text message conversation between the Defendant and an undercover law enforcement officer. The uncharged conversation occurred contemporaneously with the charged text message conversation. During the uncharged conversation, the Defendant was told that the person he was speaking with was a 13-year-old child. Despite this, the Defendant asked the purported child to send him a nude photograph because "cops don't send nudes." Further, he told the undercover officer that "I like giving oral" and "love getting rode." The Defendant also told the 13-year-old that:

> Sorry I just don't know for sure if your not a cop[.] Otherwise I'd say exactly what I want to do . . .I really want to tell you what I want to do haha[.] I want to eat you

out first, then put you on top of me . . .

Finally, the Defendant reported the undercover officer's phone number as "spam" to his service provider, which, apparently, deleted the uncharged messaging conversation, after arranging to meet with a person he believed was a 15-year-old child.[1]

## FACTUAL BACKGROUND

Between July 17-20, 2024, the Bay County Sheriff's Office (BCSO), along with other law enforcement partners, conducted an online undercover chat operation aimed at identifying adults who were who were targeting minors for sex. During the operation, undercover officers posted profiles, ostensibly of minors, on a website commonly used to arrange sexual encounters. Of relevance here are two postings. The first persona was of a 13-year-old female (herein referred to as "UC 1"). The second persona was of a 15-year-old female (herein referred to as "UC 2").[2] On July 19, 2024, the Defendant responded to both profiles within ninety minutes of each other, seeking oral and vaginal sex from both of the purported children.

The following are portions of the text message conversations between the Defendant and the undercover officers.

---

[1] The Government provided notice to Defense of its intent to use the evidence under Rule 404(b) during its initial discovery disclosure on January 21, 2025, and provided a revised notice on October 9, 2025, notifying the Defense of the Government's intent to offer evidence that the Defendant deleted the incriminating message.

[2] The conversation with UC 2 forms the basis for Count 1 of the indictment.

UC 1

| TIME | SENDER | CONTENT |
|---|---|---|
| 3:27 PM EST | Defendant | Hi |
| 3:30 PM | UC 1 | Hii |
| 3:31 PM | Defendant | Available |
| 3:35 PM | Defendant | Do I have the wrong number? |
| 3:36 PM | UC1 | No |
| 3:37 PM | Defendant | Ok cool |
| 3:37 PM | Defendant | Looking for HH |
| 4:15 PM | Defendant | You there |
| 4:35 PM | UC 1 | Yepp |
| 4:37 PM | Defendant | You do outcall |
| 4:43 PM | UC 1 | Sry I can't drive yet |
| 4:43 PM | Defendant | ? Why |
| 4:53 PM | Defendant | How much |
| 4:57 PM | UC 1 | Bc I'm not old enough lol |
| 4:58 PM | Defendant | Geez how old are you |

UC 2

| TIME | SENDER | CONTENT |
|---|---|---|
| 5:00 PM EST | Defendant | Hey what's up |
| 5:22 PM | UC 2 | heyyy |
| 5:22 PM | Defendant | How's it going |
| 5:22 PM | UC 2 | goood |
| 5:23 PM | Defendant | Nice |
| 5:23 PM | Defendant | You available |
| 5:23 PM | UC 2 | yaa but I wanna be straight im 15 but its cool |
| 5:24 PM | Defendant | Yeah as long as your not a cop |
| 5:24 PM | UC 2 | lol no im not a cop |
| 5:25 PM | Defendant | Can you send me a pic to prove it |
| 5:26 PM | Defendant | I'll match . . . |
| 5:27 PM | Defendant | Need something with nudity |

| | | |
|---|---|---|
| 5:02 PM | Defendant | Or how much to meet |
| 5:14 PM | UC 1 | 13 wbu |
| 5:15 PM | Defendant | 33 |
| 5:15 PM | UC 1 | K |
| 5:16 PM | Defendant | Where are you |
| 5:17 PM | Defendant | What do you want to do |
| 5:17 PM | UC 1 | PCB |
| 5:17 PM | UC 1 | Wdym lol what do you wanna do |
| 5:18 PM | Defendant | Haha I mean I don't know what you look like really so I'm not sure what I want to do yet haha |
| 5:19 PM | UC 1 | Want a pic |
| 5:19 PM | Defendant | Sure . . |
| 5:21 PM | Defendant | Wow your cute |
| 5:22 PM | UC 1 | Lol thx |
| 5:22 PM | UC 1 | Lemme see u |

| | | |
|---|---|---|
| 5:27 PM | UC 2 | nah im good |
| 5:27 PM | UC 2 | if u want me just let me know |
| 5:29 PM | Defendant | Do you do outcall |
| 5:31 PM | Defendant | Or you not mobile . . . |
| 5:39 PM | Defendant | What will you do? |
| 5:39 PM | Defendant | Like what are ya willing to do |
| 5:39 PM | UC 2 | depends on what ur willing to pay |
| 5:39 PM | Defendant | Well that depends on what you will do |
| 5:40 PM | UC 2 | tell me what u thinkin an ill tell u |
| 5:40 PM | Defendant | Oral |
| 5:41 PM | Defendant | Cowgirl |
| 5:41 PM | UC 2 | ok sounds hot |
| 5:42 PM | Defendant | Hm |
| 5:43 PM | UC 2 | what kinda oral |
| 5:43 PM | Defendant | Eating you out . . . |

| | | |
|---|---|---|
| 5:23 PM | UC 1 | I like ur beard |
| 5:23 PM | Defendant | Haha thanks |
| 5:23 PM | UC 1 | Lol |
| 5:24 PM | Defendant | So you want to meet |
| 5:24 PM | UC 1 | Lol want to? |
| 5:25 PM | Defendant | Definitely |
| 5:25 PM | Defendant | Your not a cop right haha |
| 5:25 PM | UC 1 | No are u |
| 5:25 PM | Defendant | No definitely not |
| 5:25 PM | UC 1 | No are u |
| 5:25 PM | Defendant | No definitely not |
| 5:26 PM | UC 1 | K |
| 5:26 PM | Defendant | Can you send a pic to prove it I'll match |
| 5:26 PM | UC 1 | K what kind |
| 5:26 PM | Defendant | Anything with nudity . . . |

| | | |
|---|---|---|
| 5:47 PM | Defendant | Pay? |
| 5:47 PM | UC 2 | 40 hhr or 100 hr |
| 5:49 PM | Defendant | Ok |
| 5:49 PM | UC 2 | is that cool |
| 5:49 PM | Defendant | Sure |
| 5:50 PM | UC 2 | okk wat do u look like |
| 5:50 PM | Defendant | I can't send my pic sorry nervous |
| 5:51 PM | Defendant | Just don't know if you're a cop for sure . . . |
| 5:58 PM | Defendant | Are you alone? |
| 5:58 PM | UC 2 | ya y |
| 5:59 PM | Defendant | Idk just don't want to get caught with someone under age haha |
| 5:59 PM | UC 2 | hah aim by myself . . . |
| 6:06 PM | Defendant | Let's meet at the pet shop by kortana |

| | | |
|---|---|---|
| 5:28 PM | Defendant | Cops don't send nudes . . . |
| 5:30 PM | UC 1 | What do you like |
| 5:30 PM | Defendant | Sexually? |
| 5:31 PM | UC 1 | lol yea |
| 5:31 PM | Defendant | I like giving oral |
| 5:32 PM | Defendant | Love getting rode . . . |
| 5:34 PM | Defendant | What do you like most |
| 5:35 PM | UC 1 | Tbh I'm not like super experienced |
| 5:35 PM | UC 1 | So I won't be mad if u don't wanna fr . . . |
| 5:54 PM | Defendant | I'm gonna go |
| 5:55 PM | UC 1 | Yea prolly good u makin me get nervous lol |
| 5:55 PM | Defendant | Sorry I just don't know for sure if your not a cop |
| 5:55 PM | Defendant | Otherwise I'd say |

| | | |
|---|---|---|
| 6:06 PM | UC 2 | okk how far r u from there |
| 6:07 PM | Defendant | 30 min |
| 6:07 PM | UC 2 | okk i will get ready |
| 6:09 PM | UC 2 | lmk when u head there |
| 6:10 PM | Defendant | Ok . . . |
| 6:21 PM | Defendant | On my way |
| 6:23 PM | UC 2 | okkk let me know when u close |
| 6:23 PM | UC 2 | what do u drive |

| | | |
|---|---|---|
| | | exactly what I want to do . . . |
| 5:58 PM | Defendant | I really want to tell you what I want to do haha |
| 6:00 PM | Defendant | I want to eat you out first, then put you on top of me . . . |
| 6:09 PM | Defendant | Where do we meet |
| 6:11 PM | UC 1 | By my house if u want |
| 6:17 PM | Defendant | Where is that |
| 6:17 PM | UC 1 | U know where pier park is |
| 6:21 PM | Defendant | Yeah |
| 6:27 PM | UC 1 | Like right there |

After the Defendant arranged to meet with UC 2, law enforcement officers identified his vehicle. Officers observed his vehicle arrive at the designated meeting place approximately fifteen minutes after his last message to UC 2 and approximately ten minutes after his last message to UC 1. He was then taken into custody and transported to the Bay County Sheriff's Office.

During a subsequent interview, the Defendant told law enforcement that he

thought he might be a sex addict and was looking for someone to fulfill his needs while his wife was visiting family in another state. The Defendant also confirmed that the phone law enforcement seized was the phone he used to communicate with the undercover officers, and when told that the person he was communicating with was a minor, the Defendant became emotional and said that he "despises people who do this." He further admitted that he had been seeking "sexual favors," which meant "eat out" and "cowgirl," and that he sought these favors after being told that UC 2 was a 15-year-old. The Defendant also admitted that he had messaged with a second person that day who he believed was also a minor and that he had told that minor the same thing, meaning he was interested in "cowgirl" and "oral."

During a subsequent search of the Defendant's phone, law enforcement recovered a photograph the Defendant sent to UC 1, as well as the photographs UC 1 sent the Defendant. Further, the messages between UC 1 and the Defendant were not recoverable; however, a search for UC 1's number revealed that it had been marked as "Spam" and reported to the service provider using the "Spam Reporting" number, which, apparently, deleted the messages.

LAW AND ARGUMENT

The contemporaneous, uncharged text message conversation between the Defendant and, ostensibly, a 13-year-old child strongly corroborates the Defendant's specific intent to entice a child to engage in criminal sexual conduct, and his

subsequent reporting of UC 1's phone number as "spam," and, thereby, deleting incriminating evidence, demonstrates his consciousness of guilt.

Fed. R. Evid. Rule 404(b) is a rule of inclusion which generally provides for the admission of all evidence of other acts that are relevant to an issue at trial, excepting only evidence offered to prove criminal propensity. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008) (citations omitted); *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

One of the most common reasons for the admission of Rule 404(b) evidence is to show a defendant's intent and/or knowledge. *United States v. Beale*, 921 F.2d 1412, 1427 (11th Cir. 1991). By pleading not guilty to the crimes at issue in the present case, the Defendant has placed his knowledge and intent in issue. *United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2012); *Jernigan*, 341 F.3d at 1281, n.7. Evidence offered to establish knowledge or intent is relevant if the extrinsic offense requires the same knowledge or intent as the charged offense. *Id.* at 1280-84; *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

When determining whether the district court abused its discretion by admitting evidence of a defendant's prior bad acts under Rule 404(b), the Eleventh Circuit employs a three-part test:

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance

> analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (citations omitted) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)); *see also United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). The court need not make a preliminary finding under Federal Rule of Evidence 104(a) "that the Government has proved the [similar] act by a preponderance of the evidence"; instead, it need only decide whether the jury could "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. That is, the court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact … by a preponderance of the evidence." *Id.* at 690 (citation omitted); *see also United States v. Bowe*, 221 F.3d 1183, 1192 (11th Cir. 2000) (citation omitted) (under Rule 404(b), "[t]he prosecution can introduce evidence of a defendant's otherwise admissible act if the jury could find by a preponderance of the evidence that the acts did in fact occur.").

Because virtually all evidence admissible under Rule 404(b) could be viewed as propensity evidence, the fact that evidence could be viewed that way does not make it inadmissible. *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). Rather, again, the admissibility of Rule 404(b) evidence is governed by the above

three-part test. *Id.*

As noted above, the Defendant's text message conversation with UC 1 is relevant to show his specific intent to entice a person he believed to be a 15-year-old child to engage in criminal sexual conduct. Further, it is relevant to show an absence of mistake or lack of accident on his part. This is true because both conversations occurred contemporaneously, and in both conversations, the Defendant was told that the person he was speaking with was a child. In response, the Defendant told both "children" that he wanted to engage in the same sex acts with them and was concerned only about being caught by law enforcement. The uncharged conversation, therefore, is relevant because "it has a tendency to make [facts] more or less probable than it would be without the evidence," and such facts are "of consequence in determining" this case. *See* Fed. R. Evid. 401 (2011); *see United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005).

The definition of relevant evidence is very broad[;] . . . Rule 401 does not raise a high standard. *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532, 544 -545 (3d Cir. 2007) (internal quotations and citations omitted). A "fact of consequence" under Rule 401 is not limited to the ultimate issue or elements in a case, but rather can be any step along a path of inference that leads to an "ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 179 (1997). It does not matter, under Rule 401, that there are multiple "evidentiary route[s]" to the ultimate fact other than the one relied

upon by the proponent of the evidence. *Id*. "To be relevant, evidence need not conclusively decide the issue in the case, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014). "Facts of consequence" also include reasonably anticipated defenses. *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007).

The uncharged conversation with UC 1 is highly probative given when it occurred and the content of the conversation. Further, it is not unfairly prejudicial in that it is unlikely to cause the factfinder to decide the case on emotion rather than the evidence, and it tends to prove facts of consequence in this case, including the Defendants intent, knowledge, absence of mistake, and lack of accident. *See United States v. Kapordelis*, 569 F.3d 1291, 1312-14 (11th Cir. 2009) (in child pornography production, receipt and possession case, evidence that defendant engaged in sex with minors overseas admissible under Rule 404(b) as proof of knowledge, identity, absence of mistake or accident, and intent); *United States v. Breitweiser*, 357 F.3d 1246, 1254 (11th Cir. 2004) (district court did not err in admitting evidence under Rule 404(b) that defendant had previously engaged in sexual conduct with children; such evidence was relevant to show defendant's motive, intent, knowledge, plan and preparation, and lack of mistake, and it was not more prejudicial than probative); *United States v. Hersh*, 297 F.3d 1233, 1254 n. 31 (11th Cir. 2002) (404(b) evidence of an uncharged instance of molestation of minor admissible in child exploitation

case to show defendant's state of mind and modus operandi, and to rebut attack on witness credibility). Specifically, the Defendant's comments to UC 1 help establish that he intended to engage in vaginal and oral sex with a person he believed was a 15-year-old child and that his conduct was not an accident or mistake.

## CONCLUSION

Accordingly, the evidence of the Defendant's conversation with UC 1 is admissible at trial in this case pursuant to Rule 404(b), Federal Rules of Evidence.

RESPECTFULLY SUBMITTED this 14th day of October, 2025.

JOHN P. HEEKIN
United States Attorney

***/s/ Eric W. Welch***
ERIC W. WELCH
Assistant United States Attorney
Virginia Bar No. 71544
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
(850) 942-8430

## CERTIFICATE OF WORD COUNT COMPLIANCE

I HEREBY CERTIFY that this memorandum complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains 2,298 words.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court under seal on this 14th day of October, 2025, and a copy has been separately provided to defense counsel of record, Elizabeth Vallejo.

***/s/ Eric W. Welch***
ERIC W. WELCH
Assistant United States Attorney