**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 5:25cr2-MW**

**BROCK A. WESTROM**
________________________________/

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS[1]

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits the following proposed jury instructions.

## INSTRUCTIONS

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions-what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial.

---

[1] The majority of these instructions were given by the Court to the jury in *United States v. Sheffield*, 5:25cr7-MW, ECF No. 41-5. However, the Government is not requesting and will object to a Defense of Entrapment instruction.
Any words that have been added to the *Sheffield* instructions are <u>*underlined and italicized.*</u>

You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it-even if you do not agree with the law- and you must follow all of my instructions as a whole. You must not single out nor disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.

The law presumes every Defendant is innocent. A Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you. The lawyers may discuss the facts with you in their closing arguments. They will not intentionally misrepresent any facts, but they are relying on their own memories just as you will have to rely on your own memories. So if their recollection of the facts differs from yours, you must rely on your own. Again, what the lawyers say is not evidence.

You've been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impression about the testimony.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he *or she* testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement is about an important fact or about an unimportant detail.

[insert appropriate instruction on Defendant's right to testify]

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

During the trial, you heard evidence that the Defendant allegedly sent messages to a second officer posing as a child. You may consider this evidence for the limited purposes of determining whether the Defendant had a motive, plan, or intent to commit the crime charged in the Indictment. You may not consider this evidence for any other purpose.

The indictment charges one crime, a "count," against the Defendant. You'll be given a copy of the indictment to refer to during your deliberations. You will note that it includes some redactions. You should not concern yourself with those redactions.

Count One charges the Defendant with attempting to commit the offense of enticement of a minor. I will explain the law governing this crime in a moment.

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive. That is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

For example, the indictment alleges in Count One that the Defendant "did knowingly attempt to persuade, induce, entice, *and coerce* an individual ... ," but the Government only needs to prove that the Defendant knowingly attempted to persuade, *or* induce, *or* entice *or coerce* an individual.

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

In some cases, it's a federal crime to attempt to commit an offense - even if the attempt fails. In this case, the Defendant is charged with attempting to commit enticement of a minor to engage in sexual activity.

It is a federal crime for anyone, using any facility or means of interstate or foreign commerce, including a cellular telephone or the Internet, to attempt to persuade, induce, entice, *or coerce* a minor to engage in any sexual activity for which any person can be charged with a criminal offense, even if the attempt fails.

The Defendant can be found guilty of an attempt to persuade, induce, or entice a minor to engage in any sexual activity only if both of the following facts are proved beyond a reasonable doubt:

(1) That the Defendant knowingly intended to commit the crime of enticement of a minor to engage in sexual activity; and

(2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to the committing of an offense - not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

To help you understand the crime for which the Defendant is charged with attempting to commit, consider the following elements that, if proved beyond a reasonable doubt, constitute the crime of enticement of a minor to engage in sexual activity:

(1) The Defendant knowingly intended to persuade, induce, entice, *or coerce* an individual to engage in sexual activity for which any person can be charged with a criminal offense;

(2) The Defendant used a facility and means of interstate commerce to do so;

(3) When the Defendant did these acts, he believed the individual to be less than 18 years old; and

(4) If the sexual activity had occurred, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "induce" means to stimulate the occurrence of or to cause.

The word "entice" means to lure or attract by arousing hope or desire.

A cellular telephone and the internet are facilities of interstate commerce.

The Government must prove that if the intended sexual activity occurred, one

or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under Florida law. Florida law criminalizes engaging in sexual activity with a person under 16 years of age.

"Sexual activity" means the oral, anal, or vaginal penetration by, or contact with, the sexual organ of another.

Conviction for attempted enticement does not require the existence of an actual child victim. The Defendant can be convicted based on communications with an adult posing as a child, if the Defendant believed the person was under 18.

The Government does not need to prove a minor, or an adult posing as a minor, was initially unwilling to engage in sexual activity. *Offering or agreeing to pay money in exchange for engaging in sex acts qualifies as inducement.*[2]

Also, it is not necessary for the Government to prove anyone was actually persuaded or induced or enticed *or coerced* to engage in sexual activity; but it is necessary for the Government to prove the Defendant intended to cause agreement on the part of the individual to engage in some form of unlawful sexual activity and knowingly took some action that was a substantial step toward causing agreement on the part of the individual to engage in some form of unlawful sexual activity.

You are also not to consider whether you approve of how the Government

---

[2] This case will include facts that there was a discussion about the payment of money in exchange for sexual activity. This definition/instruction was given by the Court to the jury in *United States v. Petersen*, 4:25cr18/AW, ECF No. 46.

conducted its investigation. The Government is allowed to use undercover agents to investigate possible criminal activity. Doing so is not improper, and whether or not you approve of how the Government conducted this investigation, you cannot return a verdict for the Defendant on that basis. You must instead apply the standards outlined in these instructions.

I caution you that the Defendant is on trial only for the specific crime charged in the Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for you.

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the deputy clerk or a court security officer. That person will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

RESPECTFULLY SUBMITTED this 22nd day of October, 2025.

JOHN P. HEEKIN
United States Attorney

***/s/ Eric W. Welch***
ERIC W. WELCH
Assistant United States Attorney
Virginia Bar No. 71544
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
(850) 942-8430

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed with the Clerk of Court under seal on this 22nd day of October, 2025, and a copy has been separately provided to defense counsel of record, Elizabeth Vallejo.

***/s/ Eric W. Welch***
ERIC W. WELCH
Assistant United States Attorney